IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE DARREL RUTLEDGE, ) | |
| ) | |
| Plaintiff(s), ) | No. C 09-3255 CRB (PR) |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | |
| CITY OF OAKLAND, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff, a prisoner at High Desert State Prison in Susanville, California, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that Oakland police officers held him from "March 8, 2006 through March 10, 2006 without a judicial determination of probable cause for the charges [he] was arrested for on March 8, 2006."

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

In Gerstein v. Pugh, 420 U.S. 103, 125 (1975), the Supreme Court held that the Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to extended detention following a warrantless arrest. The Court subsequently specified that "judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein." County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991).

Plaintiff's alleged two-day detention fails to state a claim under § 1983 for violation of the promptness requirement of Gerstein because it does not exceed the 48-hour delay approved in McLaughlin. Cf. Jones v. City of Santa Monica, 382 F.3d 1052, 1055-56 (9th Cir. 2004) (upholding city's post-arrest probable cause determination process on pre-printed form with sworn certification within 48 hours of time of arrest). Moreover, the complaint and attachments make clear that plaintiff was arrested on a federal warrant for probation violation, and not simply on a warrantless suspicion of having carried out a series of robberies in Oakland.

|   |   |
|---|---|
| 1 | **CONCLUSION** |
| 2 | For the foregoing reasons, the complaint is DISMISSED for failure to |
| 3 | state claim under the authority of 28 U.S.C. § 1915A(b). |
| 4 | The clerk shall enter judgment in accordance with this order, terminate all |
| 5 | pending motions as moot, and close the file. |
| 6 | SO ORDERED. |
| 7 | DATED: July 23, 2009 |
| 8 | CHARLES R. BREYER<br>United States District Judge |

G:\PRO-SE\CRB\CR.09\Rutledge, E1.dismissal.wpd

3